# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.

**Plaintiff:**     LET'S GO AERO, INC., a Colorado corporation

v.

**Defendant:**   CEQUENT PERFORMANCE PRODUCTS, INC., f/k/a CEQUENT TOWING PRODUCTS, INC., a Delaware corporation

---

## COMPLAINT

---

Plaintiff Let's Go Aero, Inc., a Colorado corporation ("LGA"), as and for its Complaint against Cequent Performance Products, Inc., a Delaware corporation ("Cequent"), alleges and states as follows:

## I.     NATURE OF THE ACTION

1.     The gravamen of LGA's claims against Cequent is Cequent's wrongful conduct and continued usurpation of LGA's intellectual property and related rights and the unjust enrichment flowing to Cequent therefrom.  Cequent has and continues to misappropriate and infringe upon LGA's inventions, patents, trademarks, and copyrights for its own use and benefit in contravention of LGA's rights and in doing so has committed at least two acts of racketeering activity within the meaning of 18 U.S.C. § 1961(1), which, as more fully set forth below, constitute a pattern of racketeering activity as set forth in 18 U.S.C. § 1961(5).

## II.     PARTIES

2.     Plaintiff LGA is a Colorado corporation with its principal place of business in Colorado Springs, Colorado.

3.     Defendant Cequent is a Delaware corporation with its principal place of business at 4774 Anchor Court West, Plymouth, Michigan.  Cequent was formerly known as Cequent Towing Products, Inc. and is an "enterprise" as defined in 18 U.S.C. § 1961(4).

## III.     JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332 and because the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.  This Court also has jurisdiction to render declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 as well as jurisdiction over the claims contained herein for patent infringement, copyright infringement, trademark infringement and racketeering activity pursuant to the laws of the United States, pursuant to 35 U.S.C. §§ 101 *et seq*., specifically 35 U.S.C. §§ 271, 281 to 287, 17 U.S.C. §§ 101, *et seq.*, 15 U.S.C. §§ 1125(a) and (c), and 18 U.S.C. §§ 1961 *et seq.* This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.   Supplemental jurisdiction over LGA's state law claims exists pursuant to 28 U.S.C. § 1367 because they are so related to the other claims that together all of the claims form the same case or controversy.

5.     This Court has personal jurisdiction over Cequent, which regularly has and continues to do business in Colorado pursuant to C.R.S. § 13-1-124.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.     FACTUAL ALLEGATIONS

### LGA Inventions and Patents

7.     LGA is the sole assignee and beneficial owner of various inventions created by its founder and president, Marty L. Williams. Design details, trade secrets and confidential information were provided to Cequent pursuant to the License Agreement dated January 2, 2008,

and as amended, which incorporated the Parties' previous Nondisclosure Agreement (collectively, "License Agreement").

8.    The inventions so disclosed and licensed by LGA to Cequent consisted of the following:

| LICENSED PRODUCT | PRIORITY DATE | DATE OF FILING | DATE OF PATENT GRANT | PATENT NO./ APPLICATION NO. |
|---|---|---|---|---|
| Silent Hitch Pin/SHP | Sept. 25, 2000; Sept. 25, 2000; August 25, 2003; May 11, 2006 | Nov. 3, 2000; Sept. 25, 2000; August 25, 2003; May 11, 2006 | June 25, 2002; August 26, 2003; Sept. 20, 2005; Dec. 20, 2011 | 6,409,203; 6,609,725; 6,945,550; 8,079,613 Trademark Registered Inclusive with: GearCage, TwinTube, GearSpace, JuiceBox, GearDeck and other products unknown. |
| Pixie a/k/a "SportWing" | April 5, 2007; April 5, 2007; April 5, 2007; April 5, 2007; April 5, 2007 | Dec.14, 2012; April 5, 2007; May 13, 2013; June 27, 2013; June 27, 2013 | June 25, 2013; n/a; n/a; n/a; n/a | D684,917; 11/697,294; 29/454,713; 29/459,230; 29/459,234 |
| GearCage, GearCage Twin Tube, GearCage TT, GearCage Moover, GearCage Transporter | June 19, 1998; Oct. 15, 2004; Oct. 15, 2006; June 22, 2007; May 16, 2008 | Feb. 16, 2001; Oct. 15, 2004; Oct. 15, 2006; June 22, 2007; May 16, 2008 | June 28, 2005; Dec. 20, 2011; May 15, 2012; n/a; n/a | 6,910,609; 8,079,491; 8,177,258; 11/767,166; 12/122,546 Trademark Registered |
| TwinTube, TT, TT-UBI, TwinTube-UBI | Sept. 25, 2000; Sept. 25, 2000; June 19, 1998; August 25, 2003; Feb. 20, 2002; May 11, 2006 | Nov. 3, 2000; Sept. 25, 2000; Feb. 16, 2001; August 25, 2003; Feb. 20, 2002; May 11, 2006 | June 25, 2002; August 26, 2003; June 28, 2005; Sept. 20, 2005; n/a; n/a | 6,409,203; 6,609,725; 6,910,609; 6,945,550; 09/683,820; 11/382,917 Trademark Registered Inclusive with: GearCage, GearSpace, GearDeck, and other products unknown |

| LICENSED PRODUCT | PRIORITY DATE | DATE OF FILING | DATE OF PATENT GRANT | PATENT NO./ APPLICATION NO. |
|---|---|---|---|---|
| GearSpace, GearSpace 34 | Sept. 25, 2000; Sept. 25, 2000; June 19, 1998; August 25, 2003; Feb. 20, 2002; May 12, 2006 | Nov. 3, 2000; Sept. 25, 2000; Feb. 16, 2001; August 25, 2003; Feb. 20, 2002; May 12, 2006 | June 25, 2002; August 26, 2003; June 28, 2005; Sept. 20. 2005; n/a; n/a | 6,409,203; 6,609,725; 6,910,609; 6,945,550; 09/683,820; 11/382,917 Trademark Registered |
| GearDeck, GearDeck 17 | Sept. 25, 2000; Sept. 25, 2000; June 19, 1998; August 25, 2003; Feb. 20, 2002; June 8, 2005; May 12, 2006 | Nov. 3, 2000; Sept. 25, 2000; Feb. 16, 2001; August 25, 2003; Feb. 20, 2002; June 8, 2005; May 12, 2006 | June 25, 2002; August 26, 2003; June 28, 2005; Sept. 20, 2005; n/a; n/a; n/a | 6,409,203; 6,609,725; 6,910,609; 6,945,550; 09/683,820; 11/160,087; 11/382,917 Trademark Registered |
| LandingGear | June 19, 1998; June 8, 2005 | Feb. 16, 2001; June 8, 2005 | June 28, 2005; n/a | 6,910,609; 11/160,087 Trademarked Inclusive with: TwinTube, GearCage, GearDeck, GearSpace, JuiceBox and other products unknown |
| GearBag, GearCage GearBag | n/a | n/a | n/a | Trademark Registered Inclusive with: GearCage and other products unknown |
| JuiceBox | Sept. 25, 2000; Sept. 25, 2000; June 19, 1998; August 25, 2003; Feb. 20, 2002; June 8, 2005; May 12, 2006 | June 3, 2000; Sept. 25, 2000; Feb. 16, 2001; August 25, 2003; Feb. 20, 2002; June 8, 2005; May 12, 2006 | June 25, 2002; August 26, 2003; June 28, 2005; Sept. 20, 2005; n/a; n/a; n/a | 6,409,203; 6,609,725; 6,910,609; 6,945,550; 09/683,820; 11/160,087; 11/382,917 Trademarked |

9.     The License Agreement was terminated by the voluntary agreement of LGA and

Cequent effective January 28, 2012.

10.     On information and belief, from and after the termination of the License Agreement, Cequent continued and continues to manufacture, distribute, sell and obtain financial benefit from the following without the agreement or consent of LGA:

    a.      Pixie Bicycle Racks ("Pixie/Sport Wing");

    b.      Silent Hitch Pins/SHP ("Silent Hitch Pin"); and

    c.      GearCage Basket ("GearCage")

(collectively, the "LGA Inventions").

11.     On information and belief, Cequent is selling products based upon and identical to the LGA Inventions through various wholesale and retail outlets including but not limited to Walmart, Target, U-Haul, Hitch Corner of Denver, Colorado, Amazon and REI, all of whom have retail outlets selling LGA Inventions to customers in Colorado and elsewhere.

12.     Cequent has and continues to promote a scheme or artifice to defraud LGA by obtaining money or property by means of false or fraudulent representations, pretenses, or promises, through the use of the mail or wire communications through interstate commerce to further that scheme, causing injuries and damages to LGA.

13.     Cequent has conspired to violate 18 U.S.C. §§ 1961, *et seq.* by agreeing with others to defraud LGA.  Cequent and others have agreed to violate LGA's rights by selling, manufacturing, and distributing previously licensed LGA Inventions and claiming ownership and invention therof.  Cequent has misrepresented facts, both past and present, knew those facts were false, and acted with the intention of injuring LGA.

14.     Additionally, Cequent has violated and conspired to violate 18 U.S.C. § 2319 on more than two occasions between 2010 and 2014, and committed the overt acts described herein.

<u>The Pixie/SportWing Bicycle Rack</u>

15.     On June 25, 2013, United States Letters Patent No. D684,917 was issued to LGA for the Pixie/SportWing Bicycle Rack.

16.     On or about July 1, 2010, July 13, 2010, and December 15, 2010, while the License Agreement, which recognized LGA's Inventions, was in force, David Cupar, Esq.; Paul Caruso, Cequent's Vice President of Business Development; Jason Matthew Dreger of Livonia, Michigan; Gail Rae Matheus of Salem, Michigan; Mitchell Auerbach of Ft. Wayne, Indiana; Maurice R. Fredricks of Grand Heaven, Michigan; Todd Ireland of Coopersville, Michigan; Brett Koostra of Grand Haven, Michigan; and Sean Phillips of Huntsville, Canada (collectively, "Applicants"), filed or caused to be filed applications for international and domestic utility patents with the United States Patent and Trademark Office ("USPTO") and the World Intellectual Property Organization ("WIPO").   *See* USPTO No. 2012/20000952 and WIPO PCT/US2011/042762.   These filings were for a bicycle rack in form and substance identical to the LGA Pixie/SportWing Invention, which had been disclosed to Cequent under the License Agreement.   Such filings (the "False Applications") were made in violation of various standards of conduct, applicable law and the rules of the United States Patent and Trademark Office ("USPTO").   The False Applications were, on information and belief, fraudulent and violate both 37 C.F.R. § 1.56 (duty of applicants and practitioners to act with candor and good faith in USPTO filings and applications) and 18 U.S.C. § 1001 (false statements to federal governmental agencies).   Among other things, in the course of prosecuting their False Applications, the Applicants:

> a.     claimed that they were the inventors of the Pixie/SportWing bicycle rack which they knew was false and misleading;

      b.       failed to disclose to the USPTO and the WIPO known prior patent applications, filings, licenses and patents and related prior art; and

      c.       concealed the identity of the known inventor, Marty L. Williams.

*See* Copying Affidavit of Marty L. Williams, Exhibit A.

17.     On information and belief, Cequent and the Applicants conspired with and aided and abetted each other in filing the False Applications for a patent of the LGA Pixie/SportWing based upon the knowledge Cequent had acquired from LGA pursuant to the License Agreement.

18.     Cequent's right to manufacture, distribute and sell LGA's Pixie/SportWing terminated on January 28, 2012.

19.     On information and belief, the False Applications remain pending with the USPTO and the WIPO and have never been corrected or withdrawn.

The Silent Hitch Pin

20.     On June 25, 2002, August 26, 2003, Sept. 20, 2005, and Dec. 20, 2011 United States Letters Patent Nos. 6,409,203, 6,609,725, 6,945,550 and 8,079,613 were issued to LGA for the Silent Hitch Pin.

21.     Cequent's right to manufacture, distribute and sell LGA's Silent Hitch Pin terminated on January 28, 2012, except for a permitted phase-out of Cequent's then-existing inventory and customer commitments, which is believed to have been completed.

22.     On information and belief, Cequent continues to manufacture, sell and distribute the Silent Hitch Pin, without LGA's consent or authority, directly and through others including but not limited to U-Haul.  Additionally, Cequent manufactures sells and distributes LGA's Silent Hitch Pin with other LGA Inventions, including Pixie/SportWing and GearCage.

GearCage

23.     On June 28, 2005, Dec. 20, 2011, and May 15, 2012, United States Letters Patent Nos. 6,910,609, 8,079,491 and 8,177,258 were issued to LGA for the GearCage.

24.     Cequent's right to manufacture, distribute and sell LGA's Gear Cage terminated on January 28, 2012.

25.     On information and belief, Cequent has continued to manufacture, sell and distribute the GearCage, without LGA's consent or authority, directly and through others including but not limited to U-Haul, RigidHitch, Hitch Pro, Dealer Supply Warehouse, HitchCorner of Denver, Colorado, Extreme Hitch of Denver, Colorado and CarID, all to the detriment and damage of LGA.

Trademarks

26.     LGA is owner of Trademarks identified as "GearCage" and "Silent Hitch Pin" which are registered at the USPTO under Registration Nos. 4296605 and 4296604, respectively ("LGA Trademarks").

27.     On information and belief and since the termination of the License Agreement on January 28, 2010, Cequent has unlawfully continued to use the LGA Trademarks to the detriment and damage of LGA.

Copyrights

28.     LGA is the owner of registered copyrights relating to the following:  LGA Cargo Rack Operating Manuals, GearCage Ramp Accessory, Moover Transporter System, GearCage SP Cargo Rack, GearCage TT Cargo Rack, TwinTube U-Build-IT (No. TXu 1-847-969) ("LGA Copyrights").

29.     LGA remains the sole owner of the LGA Copyrights.

30.     On information and belief and since the termination of the License Agreement on January 28, 2010, Cequent has unlawfully has used, published and marked Cequent's products with LGA Copyrights without LGA's agreement or consent to the detriment and damage of LGA.

## V.     CAUSES OF ACTION AND CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

31.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

32.     The conduct of Cequent in manufacturing, distributing and selling the LGA Inventions and in utilizing LGA Trademarks and LGA Copyrights is wrongful.

33.     Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, *et seq.*, this Court has the power to declare the rights, status and legal relations of LGA and Cequent.

34.     An actual existing and *bona fide* antagonistic and denial of right and actual justiciable controversy exists between LGA and Cequent as to their legal relations with respect to the LGA Inventions, LGA Trademarks and LGA Copyrights, which can be determined only by declaratory judgment.

35.     By reason of the conduct of Cequent as set forth in this Complaint, LGA seeks, among other things, the following declarations ("Declarations"):

  a.     that from and after January 28, 2012 Cequent did not have the lawful right to manufacture, distribute or sell products identical or substantially similar to the LGA Inventions or to use LGAs Trademarks or LGA Copyrighted Materials without the express consent of LGA;

b.     that LGA has not consented to Cequent's use of the LGA Inventions, LGA Trademarks or LGA Copyrights after January 28, 2012;

c.     that the filing of the False Applications by the Defendants was wrongful and in violation of the rights of LGA;

d.     that the Defendants are and should be enjoined and restrained by this Court from the foregoing conduct, from maintaining or prosecuting the False Applications and from any way holding out a claim of ownership or right to the LGA Inventions or using or publishing the LGA Trademarks or LGA Copyrighted Materials without the express consent of LGA;

e.     that Cequent's acts and omissions were conducted knowingly and willfully; and

f.     that LGA has been damaged and Cequent has been unjustly enriched by its conduct.

### SECOND CLAIM FOR RELIEF
### (Equitable Relief)

36.    The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

37.    LGA conferred a benefit when Cequent retained the LGA Inventions, LGA Copyrights, and LGA Trademarks acquired from LGA pursuant to the Nondisclosure and License Agreements after the voluntary agreement to terminate the License Agreement on January 28, 2012.

38.    Cequent obtained and appreciated a benefit when it retained the LGA Inventions, LGA Copyrights, and LGA Trademarks and used them to market and sell its products following the January 28, 2012 termination of the License Agreement.

39.     Cequent did not pay for the use of the LGA Inventions, LGA Copyrights, and LGA Trademarks following the January 28, 2012 termination of the License Agreement.

40.     Under these circumstances, it would be inequitable and unjust for Cequent to retain the benefits LGA has conferred on it without payment to LGA for its value.

41.     By reason of the foregoing, Cequent has been and continues to be unjustly enriched by the manufacture, distribution and sale of LGA Inventions from and after January 28, 2012, all of which is derived from information disclosed by LGA to Cequent pursuant to the Nondisclosure and License Agreement.

42.     Cequent is in sole possession and control of business records and other documentary evidence of sales, revenues collected, accounts receivables, and payments made in connection with its sales using LGA Inventions, LGA Copyrights, and LGA Trademarks at relevant times.

43.     An audit of Cequent's business records from January 28, 2012 to the present is necessary to determine the amount of Cequent's sales using LGA Inventions, LGA Copyrights, and LGA Trademarks during this period that it wrongfully retained.

44.     A request to Cequent to cooperate in such an audit or voluntarily produce documents necessary to complete an accurate accounting would be futile.

45.     LGA is entitled to equitable relief including but not limited to an accounting, disgorgement of all revenues and/or profits received from such conduct, injunctive relief, both temporary and permanent and such other and further relief as the nature of the case may require.

## THIRD CLAIM FOR RELIEF
### (Civil Conspiracy)

46.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

47.     Cequent combined and conspired with the Applicants to deprive LGA of its rights in the Inventions by filing the False Applications and by selling the LGA Inventions in violation of LGA's rights therein.

48.     By reason of such wrongful conduct LGA has suffered loss and damages.

49.     The Applicants executed and submitted the False Applications having acquired intimate and confidential knowledge of the LGA Inventions and patents, the design thereof and other incidents of Plaintiff's intellectual property with respect thereto.  Cequent and Applicants conspired with or aided and abetted each other in their efforts to injure or usurp LGA Inventions, LGA Trademarks and LGA Copyrights all to the damage of LGA.

50.     In furtherance of such a conspiracy, Cequent and Applicants together or with others whose names are at present unknown to LGA caused the False Applications to be filed. Cequent and the Applicants agreed, by words or conduct, to accomplish the filing of the False Applications in order to usurp the rights of LGA to the LGA Inventions and to sell them through Cequent in violation of LGA's rights thereto for the purpose of accomplishing that goal through unlawful means.

51.     Defendants, in furtherance of the conspiracy and to the damage and detriment of LGA, have utilized the False Applications to delay, inhibit or otherwise injure LGA's rights in the LGA Inventions for the purpose of selling Cequent's unauthorized products into the market under the guise of having lawful rights thereto.

52.     Cequent and the Applicants have jointly and in furtherance of the conspiracy filed and maintained the False Applications to the detriment of LGA and more particularly they have made and caused to be made and sold products identical to the LGA Inventions without LGA's consent in derogation of LGA's rights thereto. By such acts Cequent and the Applicants have

infringed, conspired to infringe and continue to infringe on the LGA Inventions, LGA Trademarks, and LGA Copyrights without just cause or excuse. LGA has been damaged thereby in various manners, including but not limited to Cequent's use of the False Applications to justify its sale of products, identical or substantially similar with the LGA Inventions, to the public and to enable it to claim through its distribution channels that it was authorized to do so, thereby preventing or limiting the ability of LGA to establish sales through such channels.

### FOURTH CLAIM FOR RELIEF
**(Intentional Interference with Prospective Economic Advantage)**

53.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

54.     LGA has been involved in the acquisition of the LGA Inventions and the ongoing manufacturing, distribution and sale thereof both at wholesale and at retail.

55.     Since January 28, 2012, the date at which the License Agreement ceased to be effective, LGA had the valid and reasonable expectation that it would derive future economic benefits from its sales and distribution of LGA Inventions and its use of LGA Trademarks and LGA Copyrights.

56.     As of January 28, 2012, Cequent knew of LGA's business practices and its intentions to sell the LGA Inventions to the public.

57.     Cequent used untrue, deceptive or misleading statements in its advertising and promotion, with the intent to purposely cause LGA's current or potential customers not to enter into, perform or continue their prospective business relations with LGA.

58.     Cequent's continued use of untrue, deceptive, or misleading statements in its advertisements, with the intention of tortiously interfering with the current or future business

relations between LGA and its current and potential customers is causing damage to LGA and is likely to cause irreparable injury.

59.     Cequent has intentionally and improperly disrupted the relationship between LGA and, the market, and sales and distribution channels to the public with the express intent to harm LGA, including but not limited to its filing of the False Patent Application, its continued sale of the LGA Inventions in violation of LGA's rights therein and in selling LGA Inventions as well as using LGA Trademarks and LGA Copyrights in conjunction therewith.  Cequent's conduct with respect to the foregoing was undertaken wholly without privilege, right, justification, or LGA's consent.

60.     Cequent has acted maliciously and wantonly in interfering with LGA's prospective business advantage to the damage and detriment of LGA.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of Patents)**

61.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

62.     Since the termination of the License Agreement on January 28, 2012 and to the present, Cequent has and continues to willfully and knowingly manufacture, make, use, distribute, sell and offer for sale or sell and commercially exploit the LGA Inventions that embody the patented invention without right and in violation of LGA's rights therein, all of the foregoing being an unlawful infringement of LGA's rights in the LGA Inventions relating thereto described in paragraph 9 above.

63.     LGA owned the LGA Inventions through the period of Cequent's infringing acts and still owns the patents.

64.     LGA has complied with the statutory notice requirement of placing a notice of the Letters Patent on the LGA Inventions that it manufactures and sells.

65.     Cequent has had actual knowledge of its infringement of the foregoing LGA Inventions.

66.     Such infringement is and at all times has been willful, deliberate, and intentional and with full knowledge of LGA's patents and rights in the LGA Inventions.

67.     All of the acts alleged will continue unless enjoined by this Court and Cequent has damaged LGA by reducing LGA's sales, injuring LGA's reputation and deceiving the public, thus causing Plaintiff LGA irreparable harm, the extent of which is presently unknown. LGA has no adequate remedy at law and injunctive relief, both preliminary and permanent, should be granted.

68.     Cequent should be required to account to LGA for its profits from such infringements and LGA should be awarded its damages in an amount adequate to compensate for such infringements, but in no event less than a reasonable royalty for the use made by Cequent as provided by 35 U.S.C. § 284, together with reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and such other damages as may be allowable by law.

## SIXTH CLAIM FOR RELIEF
### (Trademark Infringement)

69.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

70.     LGA is owner of the LGA Trademarks identified as "GearCage" and "Silent Hitch Pin" which are registered at the USPTO under Registration Nos. 4296605 and 4296604, respectively.

71.     The LGA Trademarks are valid and protectable.

72.     On information and belief, Cequent has, since January 28, 2012, infringed on LGA's Trademarks by using and displaying them in commerce, without the permission of LGA, in advertising and packaging for Cequent's Silent Hitch Pin and GearCage products sold or supplied to others in violation of LGA's rights in the LGA Trademarks, all to the detriment and damage of LGA. Such representations by Cequent are either false, misleading or have a tendency to deceive consumers purchasing either product.

73.     Cequent's affirmative and material misrepresentations in commercial advertising and promotion have been disseminated to their customers and potential customers, many, if not all, of whom are also customers or potential customers of LGA, which is likely to cause confusion.  The marks are similar, if not identical.  Cequent willfully and intentionally infringed on LGA Trademarks.  Such customers have been actually confused and/or deceived by the claims published by Defendant.  LGA and Cequent market the same products and use the same marketing channels in Colorado.  These claims are likely to further deceive existing and potential customers of the parties by implying deficiencies in the LGA's product that do not exist.

74.     The actions of Cequent have and are likely to continue to injure LGA by causing LGA to lose customers and sales, resulting in business losses in an amount to be determined at trial and that are presently unknown to LGA, but that are believed to be substantial and are accumulating on an ongoing basis.

75.     The actions of Cequent have and will continue to cause LGA substantial harm. LGA has a reasonable interest in its products, including GearCage and Silent Hitch Pin and which interest has been harmed or is subject to harm from the affirmative misrepresentations of Cequent.

76.     The damage to LGA's reputation and goodwill is continuing.  Cequent has caused and continues to cause irreparable harm to LGA for which LGA is entitled to preliminary and permanent injunctive relief.

### SEVENTH CLAIM FOR RELIEF
### (False Advertising)

77.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

78.     Cequent made false and misleading representations of fact in connection with the commercial advertising or promotion of its products in commerce.  The representations consisted of either actual misstatements, partially correct statements, or the failure to disclose certain material facts regarding the LGA Inventions in its commercial advertisements and promotions is likely to cause confusion or deceive customers and consumers as to the origin, nature, qualities and characteristics of the LGA Inventions.

79.     Cequent's false and misleading representations of fact have injured LGA and caused LGA damage.

80.     Cequent's acts and omissions violate 15 U.S.C. § 1125(a).

81.     Cequent's continued use of false or misleading representations of fact or its continued failure to disclose certain facts regarding Plaintiff's product is causing irreparable injury to LGA, thereby warranting an order granting preliminary and permanent injunctive relief.

### EIGHTH CLAIM FOR RELIEF
### (Copyright Infringement)

82.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

83.     LGA possesses valid copyrights with the LGA Copyrights.

84.     On information and belief, Cequent has, since January 28, 2012, willfully infringed on, misappropriated, and copied protectable elements of LGA's copyrights, images and written manuals developed by LGA for its GearCage invention, copyrighted under United States Copyright Office No. TXU1-847-969.   With the intent to commercially exploit these works to which Cequent has no proprietary rights, Cequent has published, distributed and used LGA's copyrighted materials, without the permission of LGA, in advertising and packaging for Cequent's products sold or supplied to others in violation of LGA's rights, all to the detriment and damage of LGA.

85.     By reason of these willful infringements of copyrights, LGA has sustained injury, loss and damage to its ownership rights and Defendants have unlawfully, unfairly and wrongfully derived and will continue to derive income from these infringing acts.

**NINTH CLAIM FOR RELIEF**
**(Violation of 18 U.S.C. § 1962 – Racketeer Influenced and Corrupt Organizations Act)**

86.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

87.     Cequent is a "person" within the meaning of 18 U.S.C. § 1961(3).

88.     Cequent is an "enterprise" engaged in activities that affect interstate commerce, being an active business corporation organized under the laws of the State of Delaware within the meaning of 18 U.S.C. § 1961(4).

89.     Cequent received income derived, directly or indirectly, from a pattern of racketeering activity to use or invest, directly or indirectly, such income, or the proceeds thereof, in the operation of the enterprise in violation of 18 U.S.C. § 1962(a).

90.     The predicate acts which constitute a pattern of racketeering activity are:

a.   Wire Fraud, 18 U.S.C. § 1341, Cequent, alone or in conjunction with others,  devised or intended to devise a scheme to defraud the Plaintiff's and others by fraudulently representing their ownership rights or other ability or authority to market, manufacture, distribute, the products described in this complaint through the use of the mail for the purpose of executing or attempting to execute their scheme to defraud.

b.   Electronic communications fraud, 18 U.S.C. § 1343, Cequent, alone or in conjunction with others, devised or intended to devise a scheme to defraud the Plaintiff's and others by fraudulently representing their ownership rights, or other ability or authority to market, manufacture, distribute, the products described in this complaint through the use of the telephone or electronic communication in furtherance of their scheme to defraud.

c.   18 U.S.C. § 1346, Cequent, alone or in conjunction with others, used the aforementioned methods to facilitate the scheme or artifice to deprive the PLF to honest services as described throughout this complaint.

d.   18 U.S.C. § 2319, Cequent, alone or in conjunction with others, infringed upon the copyright of the Plaintiff, willfully, and for purposes of commercial advantage, or private financial gain, as stated in 17 U.S.C. § 506.

91.   The acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

92.     LGA was and continues to be injured in its business or property by reason of Cequent's violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Cequent's complained of acts, Plaintiff suffered damages, in an amount to be proven at trial.

93.     By reason of Cequent's violation of 18 U.S.C. § 1962, LGA is entitled, pursuant to 18 U.S.C. § 1964(c), to treble the damages sustained, with interest as provided by law, and reasonable attorneys' fees.

## TENTH CLAIM FOR RELIEF
### (Unfair Competition)

94.     The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

95.     Cequent copied LGA products and marketed them for sale as their own.

96.     Cequent's conduct was and is likely to deceive the public and cause difficulties in distinguishing between LGA's and Cequent's products.

97.     LGA has suffered damages to its goodwill because Cequent copied LGA's products and entered defective products into the marketplace.

98.     Cequent's copying also restrained LGA's ability to grow the market for its goods and created barriers to entry.

99.     LGA incurred damages as a direct result of Cequent's unfair competition.

## ELEVENTH CLAIM FOR RELIEF
### (Reverse Passing Off)

100.   The allegations contained in paragraphs 1 through 104 of this Complaint are incorporated by reference herein.

101.   The LGA Inventions marketed and sold by Cequent originated with LGA. Cequent acquired them pursuant to the License Agreement, but continued and continues to market the LGA Invention for sale under its own name after the License terminated.

102.   Cequent falsely designated the origin of products it sold to the public and represented them to the public as their own.

103.   Cequent's false designation of the origin of its products was likely to cause customer confusion.

104.   LGA has been harmed by Cequent's false designation of the origin of the LGA Inventions it sold to the public, including but not limited to damage to LGA's goodwill from Cequent's sale of defective products identical to LGA's Inventions.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Let's Go Aero, Inc. requests that the Court:

(a)   enter an Order containing the Declarations set forth above;

(b)   award LGA compensatory damages against the Defendants for the amounts proven at trial and to the fullest extent provided by law;

(c)   order Defendants to account for all sales, purchases, revenues and profits derived from their improper use of the LGA Inventions and to disgorge the same forthwith or, alternatively, for judgment in the amount thereof;

(d)   award LGA its attorneys' fees, costs and exemplary, exceptional or treble damages to the fullest extent provided by law, including 35 U.S.C. §§ 284, 285 and 15 U.S.C. § 1117, 18 U.S.C. § 1964.

(e)   issue preliminary and permanent injunctions prohibiting the Cequent and affiliated officers, directors, representatives, successors and assigns and all those in active concert or in active participation with Cequent and each of them, to be:

i.   preliminarily and perpetually enjoined from committing further acts of infringement of the LGA Inventions, LGA Trademarks or LGA Copyrights and from aiding or abetting or inducing in any way the infringement thereof;

ii.   required to account to LGA for all revenues, gains and profits derived by Cequent from the described acts;

iii.   required to pay to LGA all costs of this action and LGA's reasonable attorneys' fees pursuant to the provisions of 35 U.S.C. § 285 and 15 U.S.C. § 1117 because of the calculated and deliberate nature of the infringing activities of Cequent sought to be enjoined hereby;

iv.   enjoining Cequent and the Applicants from further prosecuting the False Patent Application and from taking any further actions to utilize the LGA Inventions, LGA Trademarks, or LGA Copyrights without LGA's prior and express consent;

(f)   order Cequent to undertake a corrective advertising campaign to rectify the confusion, deception, or misrepresentations caused by its illegal actions.

(g)   treble damages actually sustained and the costs of suit, including reasonable attorneys' fees, pursuant to 18 U.S.C. § 1964(c) with interest thereon as provided by law; and

(h)   grant LGA such other and further relief as may be required by law or equity, including ancillary relief.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated:   June 6, 2014.

Respectfully submitted,

SILVER & DeBOSKEY,
A Professional Corporation

By:    */s/Thomas M. Haskins III*
Thomas M. Haskins III (#17651)
Silver & DeBoskey P.C.
1801 York Street
Denver, CO 80206
(303) 399-3000
thaskins@s-d.com

DENNIS W. HARTLEY, P.C.

By:    */s/Dennis W. Hartley*
Dennis W. Hartley (#0788)
Dennis W. Hartley, P.C.
422 E. Vermijo Ave.
Colorado Springs, CO 80903

ATTORNEYS FOR PLAINTIFF

EJ6860