# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01600-MEH

LET'S GO AERO, INC., a Colorado corporation

    Plaintiff

v.

CEQUENT PERFORMANCE PRODUCTS, INC.,
f/k/a CEQUENT TOWING PRODUCTS, INC.,
a Delaware corporation, and
U-HAUL INTERNATIONAL, INC., a Nevada corporation.,

Defendants

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Let's Go Aero, Inc. ("LGA"), through its attorneys Silver & DeBoskey, A Professional Corporation, respectfully moves the Court pursuant to Fed.R.Civ.P. 15(a) for leave to amend its Complaint. Plaintiff does not request an evidentiary hearing or oral argument on this Motion.

### *STATEMENT CONCERNING D.C. COLO. L.CIV.R. 7.1*

The undersigned counsel for Plaintiff personally communicated with known counsel for both Cequent Performance Products, Inc. (Matt Cavanaugh, Esq.) and U-Haul International, Inc. (Kristine Campbell, Esq.) who have both advised that this Motion is unopposed by their respective clients, Defendants herein.[1]

---

[1] Plaintiff, had previously filed its proposed Second Amended Complaint [Document 15], and Notice of Filing Second Amended Complaint with redline version showing changes from the prior complaint as required by D.C. Colo.L.R. 15.1(b) [Document 16] because no counsel for either of the Defendants had yet entered an appearance in this action. Both such documents were

## INTRODUCTION

In this case, LGA seeks damages for the theft and misappropriation of its intellectual property by Defendants, and Defendants' fraudulent actions regarding same, among other unlawful acts. LGA's original Complaint was filed on June 6, 2014. LGA amended that Complaint as of right on June 17, 2014. LGA now seeks to amend its Amended Complaint to clarify its allegations and to add two additional claims for (a) Inducement to Infringe Method Patents; and (b) False Copyright and Removal of LGA's Copyright Management Information. LGA's Motion for Leave to File Amended Complaint should be granted because it is timely and would cause no prejudice.

## RELIEF SOUGHT

LGA seeks leave to file its Second Amended Complaint in the form previously submitted [Document 15]. In sum, the Second Amended Complaint differs from LGA's current Amended Complaint by clarifying certain allegations so the claims are consistent with U.S. Patent and Trademark law, and by the addition of the two claims reference above, which required additional research of fact and law before they could be asserted, preventing their inclusion in the prior Amended Complaint.

## ARGUMENT

The Federal Rules of Civil Procedure provide that "leave [to amend a pleading] shall be freely given when justice so requires." F.R.C.P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

---

stricken by this Court's Order of July 31, 2014 for failure to confer with the opposing parties. Document 17. This Motion is tendered to comply with that Order.

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

Leave to amend should be granted under this standard. The amendments sought by LGA are in the nature of clarification and completeness by seeking to include additional allegations and claims of copyright infringement, inducement to infringe, and the tampering with LGA's copyright information.

These new allegations and claims do not change the character or scope of this litigation. Instead, they provide more notice and detail to Defendants of the wrongful actions that LGA accuses them of taking. The Second Amended Complaint does, however, drop U-Haul as a defendant in this action, without prejudice.

The addition of two intellectual property claims, particularly at this early stage of the litigation, will cause no surprise or prejudice to the Defendants who have yet to answer the Amended Complaint. The first formal appearance of counsel will occur at the Scheduling Conference set for this case on September 10, 2014, still many weeks away. At this stage, all discovery timing and scheduling matters remain open. To date, there have been no disclosures made, no written discovery served, and no depositions taken.

The original Complaint was amended quickly, as of right, to address accusations that Plaintiff LGA was suing Defendant Cequent on matters previously released. Although those accusations were unfounded, LGA sought to clarify the time-frame covered by its pleadings through a prompt amendment "as a Matter of Course," completed within a short period of time. During and since that time, Plaintiff has become aware of additional law and facts that justify the assertion of new infringement and copyright tampering claims, which required subsequent

research that has only been recently completed. Thus, it was not possible to include the amendments now sought in the last-filed pleading, given the timing and 21-day deadline to amend "as a Matter of Course" under Rule 15(a)(1).

The new allegations and claims arise directly from actions taken by one or more of the Defendants, and it is believed some of these actions post-date the Amended Complaint. Because such actions are known to the Defendant(s) involved, they cannot claim to be surprised. As noted above, no party has engaged in any formal discovery as of the filing of this Motion, giving the Defendants ample time to prepare any defenses to the new allegations and claims. Accordingly, Defendants will suffer no prejudice as a result of permitting this amendment.

## CONCLUSION

Because LGA's request for leave to amend its Complaint is timely and will cause Defendants no unfair surprise or prejudice, it should be granted pursuant to F.R.C.P. 15(a).

WHEREFORE, Plaintiff Let's Go Aero, Inc. respectfully requests that the Court grant it leave to file an Amended Complaint [previously filed as Document 15 along with the requisite Notice, Document 16] in the form submitted herewith.

Dated this 6th day of August, 2014.

        Respectfully submitted,

        SILVER & DeBOSKEY,
        A Professional Corporation


By:    */s/ Thomas M. Haskins III*
        Thomas Haskins
        Martin D. Beier

DENNIS W. HARTLEY, P.C.

By:    */s/Dennis W. Hartley*_____
        Dennis W. Hartley
        Dennis W. Hartley, P.C.
        422 E. Vermijo Ave.
        Colorado Springs, CO 80903

ATTORNEYS FOR PLAINTIFF

EN0187