IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01600-MEH

LET'S GO AERO, INC., a Colorado corporation,

    Plaintiff,

v.

CEQUENT PERFORMANCE PRODUCTS, INC.
f/k/a CEQUENT TOWING PRODUCTS, INC.,
a Delaware corporation,

    Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CEQUENT'S MOTION TO STAY DISCOVERY AND PRE-TRIAL SCHEDULING PENDING RESOLUTION OF ITS FORTHCOMING MOTION TO COMPEL ARBITRATION**

---

Plaintiff, Let's Go Aero, Inc., by its attorneys, Thomas M. Haskins III, Martin D. Beier and Dennis W. Hartley, hereby submits this Response in Opposition to Defendant Cequent's Motion to Stay Discovery and Pre-Trial Scheduling Pending Resolution of Its Forthcoming Motion to Compel Arbitration [Dkt. # 25] ("Cequent's Stay Motion") and in opposition thereto states:

Plaintiff Let's Go Aero, Inc. ("LGA") filed its initial Complaint naming Defendant Cequent Performance Products, Inc. ("Cequent") as Defendant to claims of copyright, trademark and patent infringement, *inter alia*, on June 6, 2014. Soon after, LGA's counsel, Mr. Haskins, contacted Cequent's counsel, Mr. David Cupar, advising Mr. Cupar of the filing of the lawsuit. Mr. Cupar's immediate response on June 11, 2014, was to send a letter insisting that the new litigation was subject to the terms of an arbitration provision in a settlement agreement

previously executed by these parties, and threatening to "move to compel" arbitration and seeks fees under the settlement agreement. Exhibit 1, Letter from D. Cupar dated June 11, 2014 at 2. ***Despite this threat that Cequent would move to compel arbitration on June 11, 2014, Cequent has yet to prepare or file a Motion to Compel Arbitration***.

Instead, over two months later, Cequent waived and accepted service of LGA's Second Amended Complaint on August 18, 2014, and by court rule, received 14 days to file an answer or other response. Even then, Cequent did not move to compel arbitration. Rather, Cequent elected to wait these two weeks out, and then filed a motion requesting yet another 30 days to answer or respond. In conjunction with that motion, Cequent filed the instant one, moving to stay discovery and pre-trial scheduling because it purportedly plans to move to compel arbitration at a later date.[1] Thus, the record shows that nearly three months *after* Cequent first threatened to move to compel arbitration, Cequent still maintains, that it "*will be moving to compel arbitration[,]*" but has yet to do so. [Dkt. #25 at 1] (emphasis added). Cequent's Motion should be denied because it constitutes delay for delay's own sake.

Cequent asks this Court to enter a stay while it takes another month to decide whether or not to prepare and file a Motion to Compel Arbitration. Cequent stated that it would be filing a motion to compel on June 11, 2014, and yet its present motion fails to explain why it has delayed so long to do so. Cequent has no valid reason to take until the beginning of October to decide if it will ever file the motion it has contemplated and threatened to file since last June. This is quintessential "delay for delay's sake."

---

[1] The Motion for a 30-day extension of time was not opposed, and the Court granted it by Minute Order. [Dkt. #26].

Cequent's Motion cites a long list of cases indicating it is appropriate to stay discovery and pre-trial scheduling while a motion to compel "is pending." However, those cases are inapposite here because none involve a request for a stay *in mere contemplation* of moving to compel at a later time. Rather, in *every* cited case in this district, the movant sought a stay *contemporaneously* with or *after* its motion to compel was already presented to the Court. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280-81 (D. Colo. 2004) (motion to compel arbitration filed before motion to stay filed); *Cook v. Pensa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 1660480, at *2 (D. Colo. April 25, 2014) (motion to compel arbitration and stay filed contemporaneously); *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-2081, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) (motions to compel and to stay filed same date).[2] Consequently, the policy reasons for a stay expressed in these cases do not exist here, and Cequent is not entitled to a stay merely because it might file a motion to compel.[3]

Cequent should be obligated to abide by this Court's scheduling requirements until it can show that it has, in fact, decided to move to compel arbitration and actually filed such a motion, which would then justify a stay. As this Court is aware from LGA's filing of the Proposed Scheduling Order on August 29, 2014, [Dkt. #23] the current proposed discovery schedule for a complex patent case such as this, out of necessity, already has discovery dates that will likely

---

[2] The same sequence lies in Cequent's cited cases from other jurisdictions too. *See Coneff v. AT&T Corp.*, No. C06-944, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (motion to compel arbitration filed before motion for stay); *Cunningham v. Van Ru Credit Corp.*, No. 06-10452, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (motion to compel arbitration filed before motion to stay).

[3] It bears noting that nothing *requires* that Cequent move to compel arbitration. If Cequent ultimately decides not to do so, it will have postponed LGA's discovery and completion of scheduling by months for no good reason.

extend into early 2016. LGA's ultimate day in court should not be even further delayed while Cequent merely sits back and ponders if it will ever move to compel arbitration.[4]

This Court vacated the Scheduling Conference *sua sponte* to permit time to address Cequent's present motion for a stay. LGA requests that this Court require that Cequent provide an expedited Reply Brief in support of its present motion, to be filed within three days from the filing of this response, so that the issue of the stay can be promptly addressed by this Court. Furthermore, LGA requests that the Rule 26 Scheduling Conference be reset for a date soon after October 2, 2014, so that if Cequent does not, in fact, file a Motion to Compel Arbitration, it does not cause further delay of discovery and scheduling.

WHEREFORE, Plaintiff Let's Go Aero, Inc., respectfully requests that this Court deny Cequent's Motion to Stay All Discovery And Pre-Trial Scheduling Obligations for the reasons set forth herein, order an expedited reply from Cequent on its Motion for Stay, and re-set the scheduling conference for a date as soon after October 2, 2014 as this Court's schedule allows, and for such further relief as the Court deems proper.

---

[4] Although the merits of Cequent's Motion to Compel are not before this Court, Cequent's description of the "grounds" for compelling arbitration is misleading. *Compare* Cequent's Stay Motion at 3 (acknowledging the arbitration provision only applies to disputes arising from "this Agreement"), *with* Cequent's Stay Motion at 4 (arguing that the arbitration clause applies because the Second Amended Complaint presents a dispute arising out of "the Settlement").

DATED this 5th day of September, 2014.

        Respectfully Submitted:

        SILVER & DeBOSKEY,
        A Professional Corporation

    By: */s/Martin D. Beier*
        Thomas M. Haskins III (#17651)
        Martin D. Beier (#20188)
        Silver & DeBoskey P.C.
        1801 York Street
        Denver, CO 80206
        (303) 399-3000
        haskinst@s-d.com
        beierm@s-d.com

        and

        DENNIS W. HARTLEY, P.C.

    By: */s/Dennis W. Hartley*
        Dennis W. Hartley (#0788)
        422 E. Vermijo Ave.
        Colorado Springs, CO 80903
        (719) 635-5521
ATTORNEYS FOR PLAINTIFF
LET'S GO AERO, INC.

5

## CERTIFICATE OF SERVICE

  I hereby certify that on this 5th day of September, 2014, true and correct copies of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO CEQUENT'S MOTION TO STAY DISCOVERY AND PRE-TRIAL SCHEDULING PENDING RESOLUTION OF ITS FORTHCOMING MOTION TO COMPEL ARBITRATION** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David B. Cupar, Esq.
Matthew J. Cavanagh, Esq.
McDonald Hopkins
600 Superior Avenue East, Suite 2100
Cleveland, Ohio  44114
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

                */s/Chris Allen*

EQ4399