IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01600-MEH

Let's Go Aero, Inc.,

        Plaintiff,

v.

Cequent Performance Products, Inc. et al.,

        Defendants.

---

REPLY IN SUPPORT OF CEQUENT'S MOTION TO COMPEL ARBITRATION

---

Cequent Performance Products, Inc. replies to Plaintiff Let's Go Aero, Inc.'s Response in Opposition to Cequent's Motion to Compel Arbitration [#38] ("LGA Resp."), filed on October 8, 2014.

## Introduction

LGA opposes Cequent's motion by arguing that the standard AAA forum selection clause in the agreement at issue is "narrow." LGA is mistaken. Courts universally agree that the standard clause is broad. The breadth of that clause triggers a presumption of arbitrability that LGA cannot rebut. The Court should compel arbitration and stay this case pending arbitration.

## Reply

## I.   LGA's Venue Objection Has Forced A Second Action

As a threshold matter, LGA has objected to venue based on the 10th Circuit's *Ansari* decision. (LGA Resp. 2, 13-14, citing *Ansari v. Qwest Communications Corp.*, 414

F.3d 1214 (10th Cir. 2005).) Under that case, and the 10th Circuit's subsequent *1mage Software* decision, a district court cannot compel arbitration outside of its district, unless none of the parties objects to venue. *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1051-52 (10th Cir. 2006) ("*Ansari's* rule is one of venue which the parties in this case have waived by not raising the issue before the district court"). Cequent expected that LGA would not object to venue as it would be more efficient to have this Court decide the issue now. By objecting, LGA has forced Cequent to file a separate petition to compel arbitration in the United States District Court for the Northern District of Illinois – the district encompassing the selected arbitration venue of Chicago, Illinois.[1]

Where there is "some probability" that another court will compel arbitration, a stay pending resolution of a petition to compel before that other court "serve[s] concerns of efficiency and conservation of both the parties' and judicial resources." *Bushman Inv. Properties, Ltd. v. DBSI E-470 East LLC, No. 09-00674, 2010 WL 582351*, at *3 (D. Colo. Feb. 16, 2010) (staying case to allow defendant to petition Idaho federal court to compel arbitration in Idaho). As explained in Cequent's opening motion and below, there is more than a probability that LGA's case is arbitrable; it is arbitrable. The Court should stay this case pending the outcome of Cequent' petition before the Illinois district court or it should dismiss this case for improper venue. If, however, this Court believes it has the authority to compel arbitration in Chicago, Illinois, then it should do so.

---

[1] A copy of Cequent's petition is attached as Exhibit A.

## II.     The Arbitration Clause Is Broad, Not Narrow

LGA argues that the arbitration clause is "narrow" – an incorrect conclusion that corrupts its entire analysis. (LGA Resp. 11.) Legions of case law hold otherwise: the standard American Arbitration Association clause used here containing the phrase "arising out of or relating to the agreement" is broad. *E.g., City and County of Denver v. District Court in and for City and County of Denver*, 939 P.2d 1353, 1367 (Colo. 1997) (en banc) (noting "typical American Arbitration Association clause containing the words 'arising out of or relating to the agreement' is 'broad'), *quoting PSI Energy, Inc. v. Amax, Inc.*, 644 N.E.2d 96, 100 (Ind. 1994); *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 8-9 (1st Cir. 2014) (holding "arising out of or relating to this agreement" is broad).

Indeed, this Court has described that very phrase as "undoubtedly a broad arbitration clause as it covers not only those issues arising out of the [] contract, but even those issues with any connection to the contract or the relationship between the parties." *GATX Mgmt. Servs., LLC v. Weakland*, 171 F. Supp. 2d 1159, 1163 (D. Colo. 2001).

Ignoring this well-established law, LGA states that in "multiple cases where these terms were used, courts have found the arbitration clause to be narrow." (LGA Resp. 6-7.) Yet LGA cites only one case in support of that bold proclamation: *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1194 (10th Cir. 2009). That case does not support LGA's argument because the clause at issue there is different from the language used here. It was narrowed to disputes "arising out of or relating to payments to Chelsea by Medco." *Id.* (emphasis added). In fact, *Chelsea* distinguished the

payment-specific clause in that case from a "broad provision that refers all disputes arising out of a contract to arbitration," which is the type of provision used here. *Id.* at 1196.

Because the clause here is broad, the Court can ignore the arguments in Section II (pgs. 4-11) of LGA's brief, which are based on LGA's false premise that the clause is narrow and LGA's application of law that applies to narrow clauses.

## III.    LGA Misstates and Misapplies the Law Applicable to Broad Clauses

Acknowledging that the clause could be broad, LGA argues that broad clauses only cover disputes that "implicate issues of construction of the Settlement Agreement." (LGA Resp. at 11-12.)

LGA confuses the clause here – covering disputes "arising from <u>or relating to</u> the agreement" – with narrower clauses covering disputes merely "arising from the agreement." Clauses limited to disputes "arising from" a contract may be construed as limited to disputes involving contract interpretation or performance – the limited scope that LGA argues here. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1464 (9th Cir. 1983). The addition of the phrase "or relating to" significantly expands the scope of such a clause beyond issues of contract interpretation and performance. *See id.; GATX Mgmt.,* 171 F. Supp. 2d at 1163 (such a clause "covers not only those issues arising out of the [] contract, but even those issues with any connection to the contract or the relationship between the parties").

Explaining the breadth of the "relating to" phrase, the Colorado Supreme Court has held an arbitration clause that covers claims "regarding" or "relating to" an agreement is a "broad clause intended by the parties to encompass any dispute between [them] regarding the subject matter of the Contract." *City and County of Denver v. District Court in and for City and County of Denver*, 939 P.2d 1353, 1367 (Colo. 1997) (en banc).

LGA's reliance on the nonbinding *Dusold* and *Rosen* decisions is unavailing. LGA argues, based on these cases, that the arbitration clause applies only if LGA's claims would "require[] a reference to or construction of some portion of the contract itself." (LGA Resp. 11.) *DuSold* and *Rosen*, however, do not apply. Under the law binding here, such clauses apply more broadly to any claims that "touch" matters covered by the contract. *Burlington Northern and Santa Fe Ry. Co. v. PSO*, 562, 570 (10th Cir. 2010). LGA's inability to locate and cite <u>binding</u> authority stating or applying *Dusold's* or *Rosen's* statement of the law confirms that it is not applicable here. In fact, an Arizona federal district court declined to follow *Dusold* in favor of the more universally accepted "touch" standard that federal courts here and elsewhere apply. *See Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 939-40 (D. Ariz. 2003).

Thus, the clause here covers not only disputes over contract interpretation and performance (i.e., disputes "arising from" the agreement), but also covers disputes with any connection to the subject matter of the contract or the relationship between the parties (i.e., disputes "relating to" the agreement).

**IV.    LGA's Claims Are Covered By The Broad Arbitration Clause**

LGA's claims are covered by the arbitration clause, when correctly interpreted, for at least three different reasons.

First, LGA's claims that Cequent's alleged ongoing sales of silent hitch pins is tortious necessarily "relate to" the Settlement, even under LGA's narrow and incorrect interpretation of the clause. (*See* 2d Am. Compl. ¶ 24-26, 30, 36.) The reason is that resolving those claims will necessarily require looking to the Settlement to determine whether Cequent complied with or exceeded the "phase out" quantity allowed by Paragraph 2 of the Settlement. If Cequent sold no more than the Settlement permitted, then LGA's claims necessarily fail. Indeed, acknowledging the Settlement allowed a "phase out" of the pins, LGA premises its claims on its "belief" that the contractually-permitted "phase out" has been exceeded, i.e., that Cequent breached the Settlement. (2d Am. Compl. ¶ 25.) Part of deciding this case will be testing LGA's "belief" to determine whether or not Cequent breached or complied with the Settlement.

Second, LGA premises its allegations on the Settlement's termination of the license agreement. LGA repeatedly identifies the termination of the license because, if not terminated, the license would have permitted the sales that LGA contests as violating its IP rights. (2d Am. Compl. ¶ 7-8 (noting license agreement licensed IP rights to Cequent for cargo products at issue).) While LGA's brief tries to downplay the Settlement's termination of the license as something it "mentioned . . . in passing," the phrase "termination of the License Agreement" appears 50 times in LGA's pleading. It does not

make sense for LGA to argue that this case does not relate to the Settlement when Paragraph 1 of the Settlement terminated the license: an event LGA deems important enough to mention 50 times in its complaint.

Third, the Settlement resolved a lawsuit between Cequent and LGA, in which LGA alleged that Cequent's sale of certain cargo products violated LGA's IP rights. Here, the subject matter is the same as what was resolved by the Settlement: LGA's claims that Cequent's sale of the same cargo products previously at issue violates LGA's IP rights.

Thus, LGA's complaint relates to the Settlement for one or all of these reasons.

## V.    This Case Was Not Excluded From The Broad Arbitration Clause

LGA's claim that the arbitration clause cannot apply because "the arbitration provision never mentions either LGA's products or LGA's intellectual property rights" misunderstands the law. (LGA Resp. 6.) That the arbitration clause does not specifically mention the cargo products or LGA's alleged IP rights is fatal to LGA's position, not helpful to it.

The presumption of arbitrability triggered by the broad clause in the Settlement can only be rebutted with "the most forceful evidence of a purpose to exclude the claim from arbitration." *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986). Rejecting the same argument that LGA makes here, the U.S. Court of Appeals for the 1st Circuit ruled that arguing a clause "lacked explicit language covering" the claims does not constitute "forceful evidence" of an intent to exclude them from

arbitration and fails to rebut the presumption of arbitration. *See Grand Wireless*, 748 F.3d at 8-9. The same holds true here.

Also, that the parties did not include a limitation in the arbitration clause to exclude disputes over future sales of the cargo products, when such a clause was included in the release provisions within the Settlement (*see* Settlement ¶ 6.), is not "forceful evidence" of intent to exclude such disputes from arbitration. On the contrary, that the parties included explicit language excluding future sales and conduct from the scope of the release provisions – but did not include that same exclusion (or any exclusion) within the arbitration clause – is strong evidence that the parties did *not* intend to similarly limit the arbitration clause.

## Conclusion

Based on the foregoing, the Court should stay this case while the U.S. District Court of the Northern District of Illinois decides whether to compel arbitration.

Respectfully submitted,

Dated: October 27, 2014

Andrew J. Petrie
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, Colorado 80202-5596
petriea@ballardspahr.com

*Counsel for*
*Cequent Performance Products, Inc.*

   s/ David B. Cupar         
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2014, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Thomas Haskins
Silver & DeBoskey
1801 York Street
Denver, Colorado 80206
t 303.399.3000
f 303.399.2650
thaskins@s-d.com

*Counsel for Plaintiff*

                                     s/ David B. Cupar               
                                      *Counsel for*
                                      *Cequent Performance Products, Inc.*